IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CLIFFORD ROSA, #A0196732, | Civil No. 25-00062 MWJS-KJM |
| Plaintiff, | ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE TO AMEND |
| vs. | |
| LT. YOSHIDA, *et al.*, | |
| Defendants. | |

**ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT,
ECF NO. 1, WITH PARTIAL LEAVE TO AMEND**

Before the Court is pro se Plaintiff Clifford Rosa's Prisoner Civil Rights

Complaint filed pursuant to 42 U.S.C. § 1983.[1]  ECF No. 1.  In his complaint, Rosa

alleges that two prison officials, Lieutenant (Lt.) Yoshida and Adult Corrections Officer

(ACO) Derek Awa, used excessive force and sexually assaulted him while he was at

---

[1]    Rosa is currently incarcerated at Halawa Correctional Facility, *see* ECF No. 1, at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A0196732"; and select "Search") (last visited Mar. 17, 2025), and he names as defendants two state prison officials, ECF No. 1, at PageID.1-2.  Rosa checked a box in his complaint indicating that his claims are brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  ECF No. 1, at PageID.1.  But because the claims are against state, and not federal, officials, the Court liberally construes Rosa's claims as being brought pursuant to 42 U.S.C. § 1983.  *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) ("[A] *Bivens* action is the federal analog to an action against state or local officials under § 1983.").

Queen's Medical Center. *Id.* at PageID.2, 5-6. After conducting the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court DISMISSES the complaint with partial leave to amend.

If Rosa wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before April 16, 2025. Alternatively, Rosa may inform the Court in writing on or before April 16, 2025, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g). Failure to comply with the Court's instructions could result in automatic dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

The complaint alleges the following facts, which the Court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). On an unspecified date, Rosa was at Queen's Medical Center. ECF No. 1, at PageID.2. While Rosa was in a hospital bed and apparently handcuffed, Lt. Yoshida rubbed Rosa's leg two times. *Id.* at PageID.2, 5. Lt. Yoshida also lifted the sheets and took a picture of Rosa's penis and leg. *Id.* at PageID.5.

At some point, Lt. Yoshida pulled Rosa's left arm toward the bottom of the bed. *Id.* This caused Rosa to feel pain that "was a 10." *Id.* ACO Awa assisted Lt. Yoshida by holding Rosa down. *Id.* At one point, ACO Awa told Lt. Yoshida to stop hurting Rosa.

*Id.* Lt. Yoshida proceeded to "hammer punch" Rosa, giving him a black eye. *Id.* The handcuffs also caused Rosa's left hand to bleed. *Id.*

The Court received Rosa's complaint on February 10, 2025. ECF No. 1. In the complaint, Rosa asserts excessive force and sexual assault claims against both Lt. Yoshida and ACO Awa. *Id.* at PageID.5-6. Rosa seeks $1.1 million in damages. *Id.* at PageID.8. On March 11, 2025, the Court granted Rosa's Application to Proceed In Forma Pauperis by a Prisoner. ECF No. 4.

## STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A claim is "plausible"

3

when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct. *See id.*

In screening a complaint, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). If a complaint does not survive screening, the Court must nonetheless grant leave to amend if it appears that the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal without leave to amend is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## DISCUSSION

### A.    Legal Framework for Claims Under 42 U.S.C. § 1983

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). To state a claim under § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution or United States laws, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

4

There are two situations in which a state official might be liable under § 1983. "First, plaintiffs may seek damages against a state official in [their] personal capacity." *Cornel*, 37 F.4th at 531 (cleaned up). "Second, state officials are 'persons' under § 1983 when sued for prospective injunctive relief." *Id.* (cleaned up). This second situation applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective." *Id.* (cleaned up).

**B.    The Eleventh Amendment Bars Rosa's Claims Against Lt. Yoshida and ACO Awa in Their Official Capacities**

Rosa names Lt. Yoshida and ACO Awa in both their individual and official capacities. ECF No. 1, at PageID.1-2. Rosa, however, seeks only damages; he does not seek any injunctive relief based on an ongoing violation of his rights. *Id.* at PageID.8.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Because Rosa seeks only money damages, any claims against Lt. Yoshida and ACO Awa in their official capacities are barred by the Eleventh Amendment. *See Wages v. Cox*, No. 24-00223, 2024 WL 3791186, at *2 (D. Haw. Aug. 13, 2024) (noting that claims for money damages "may only proceed if they are asserted against Defendants in their *individual* capacities, not their *official* capacities"). The official capacity claims are therefore DISMISSED with prejudice.

**C.**     **The Complaint Does Not Meet the Requirements of Federal Rule of Civil Procedure 8**

Rule 12(b)(6) is read in conjunction with Rule 8.  *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013).  Federal Rule of Civil Procedure 8(a)(2) requires every pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  One of the reasons for this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

The Supreme Court has explained that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (cleaned up). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* (cleaned up).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (cleaned up).

Here, the complaint does not meet the requirements of Rule 8.  Although Rosa alleges in the complaint that defendants used excessive force and sexually assaulted him at Queen's, he does not say when these events occurred.  *See Tamayo v. City of Glendale*, No. 19-cv-10284, 2020 WL 136633, at *1 (C.D. Cal. Jan. 13, 2020) ("Plaintiff fails to allege the basic who, what, when, where, and why of his claims against Defendants."); *see also McGinnis v. Halawa Corr. Facility*, No. 20-00567, 2021 WL 115654,

at *3 (D. Haw. Jan. 12, 2021) (concluding that pleading did not satisfy Rule 8 because it did not state, among other things, when the complained-of conduct occurred).

It is also unclear what role, if any, ACO Awa played in the alleged sexual assault and the use of excessive force.  While the complaint alleges that ACO Awa at some point helped Lt. Yoshida by holding Rosa down, Rosa does not say that ACO Awa restrained him while Lt. Yoshida rubbed his leg and lifted the sheets.  In addition, regarding Rosa's excessive force claims, he does not allege that ACO Awa ever hit him.  And, similarly, although Rosa alleges that ACO Awa held him down, he does not allege that ACO Awa continued doing so after Lt. Yoshida began "hammer punch[ing]" him, nor does he allege that ACO Awa had an opportunity to stop Lt. Yoshida.  In fact, Rosa alleges that ACO Awa told Lt. Yoshida to stop hurting him.

Because the complaint does not meet Rule 8's pleading standards, the claims against Lt. Yoshida and ACO Awa are DISMISSED without prejudice.

### D.    Partial Leave to Amend the Complaint

Because it is possible Rosa could cure the identified deficiencies in the individual capacity claims, he is granted partial leave to amend.  That leave to amend encompasses only the individual and not official capacity claims.  Moreover, Rosa may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims relate to those he has raised in this complaint.  Claims that do not properly relate to those in the complaint are subject to dismissal.

7

If Rosa chooses to amend his complaint, he must do so on or before April 16, 2025. Rosa must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi. Local Rule 10.4 requires that an amended complaint be complete in itself, without referencing or incorporating any part of a prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR 99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

In any amended complaint, Rosa must say when the events allegedly occurred. He must also specify how each defendant allegedly violated his rights. Finally, to the extent that Rosa's claims involve different issues, each claim should be stated in a separate count. For example, if Rosa is alleging that only Lt. Yoshida sexually assaulted him, the facts supporting such a claim should be set forth in one count. And if Rosa is also alleging that both Lt. Yoshida and ACO Awa used excessive force, any supporting factual allegations should be laid out in a separate count. Each count should expressly state which defendant it is brought against.

//

//

E.    Legal Standards Under the Eighth Amendment

In deciding whether to continue to pursue his claims, Rosa should consider the following legal standards.  The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."[2]  U.S. Const. amend. VIII.  Although the Constitution "does not mandate comfortable prisons," it also does not "permit inhumane ones."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (cleaned up).  Prison officials, therefore, "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must take reasonable measures to guarantee the safety of the inmates."  *Id.* (cleaned up).

A prison official violates the Eighth Amendment only when two requirements are met:  (1) "the deprivation alleged must be, objectively, sufficiently serious"; and (2) the prison official must have had a "sufficiently culpable state of mind."  *Id.* at 834 (cleaned up).  "In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety."  *Id.* (cleaned up).  Deliberate indifference is a "high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

---

[2]    Because it appears that Rosa was a convicted inmate when the alleged incidents occurred, the Court provides the relevant standards under the Eighth Amendment.  If Rosa was not a convicted inmate at the time of the complained-of conduct, he must make this clear in any amended pleading that he files because different legal standards would apply.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 401 (2015) (noting that excessive force claims of convicted inmates are governed by the Eighth Amendment, while those of pretrial detainees are analyzed under the Fourteenth Amendment).

### 1.   Sexual Assault

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012).  As the Ninth Circuit has explained, "sexual assault serves no valid penological purpose." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).  If an inmate can prove that a prison official committed sexual assault, it is assumed that the official acted "maliciously and sadistically" for the purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied. *Id.*  The inmate is not required to prove that an injury resulted from the sexual assault. *Id.*

The Ninth Circuit has held that a prisoner presents a viable Eighth Amendment claim where they allege "that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Id.*

### 2.   Excessive Force

"In excessive force cases brought under the Eighth Amendment, the relevant inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  The Ninth Circuit has identified five factors to determine whether a use of force was malicious and

sadistic:  "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response."  *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (cleaned up).  "Officers can be held liable for failing to intercede in situations where excessive force is claimed to be employed by other officers only if they had an opportunity to intercede."  *Hughes*, 31 F.4th at 1223 (cleaned up).

### F.    Strikes Under 28 U.S.C. § 1915(g)

If Rosa fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, a subsequent dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "three-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If, however, Rosa decides to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and does so on or before April 16, 2025, such dismissal will not count as a strike against him.

//

//

11

## CONCLUSION

(1)  The complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; namely, Rosa's claims against Lt. Yoshida and ACO Awa in their official capacities are DISMISSED with prejudice, and his claims against Lt. Yoshida and ACO Awa in their individual capacities are DISMISSED without prejudice.

(2)  Rosa is GRANTED partial leave to amend and must file any amended pleading on or before April 16, 2025.

(3)  Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Rosa may incur a strike under 28 U.S.C. § 1915(g).

(4)  ALTERNATIVELY, Rosa may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on or before April 16, 2025, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5)  The Clerk is DIRECTED to send Rosa a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  March 17, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

_____

Micah W.J. Smith
United States District Judge

Civil No. 25-00062 MWJS-KJM; *Clifford Rosa v. Lt. Yoshida*, et al.; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE TO AMEND

12