IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CLIFFORD ROSA, #A0196732,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LT. YOSHIDA, *et al.*,<br><br>　　　　Defendants. | Civil No. 25-00062 MWJS-KJM<br><br>ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 7, WITH LEAVE TO AMEND |

**ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS
COMPLAINT, ECF NO. 7, WITH LEAVE TO AMEND**

Before the court is pro se Plaintiff Clifford Rosa's First Amended Prisoner Civil Rights Complaint (FAC) filed pursuant to 42 U.S.C. § 1983.[1]  ECF No. 7.  In the FAC, Rosa alleges that two prison officials, Lieutenant (Lt.) Yoshida and Adult Corrections Officer (ACO) Derek Awa, used excessive force and sexually assaulted him while he

---

[1]　Rosa is currently incarcerated at Halawa Correctional Facility, *see* ECF No. 7-1, at PageID.49; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A0196732," and select "Search") (last visited Apr. 24, 2025), and he names as defendants two state prison officials in their individual capacities, ECF No. 7, at PageID.38-39.  Rosa checked a box in the FAC indicating that his claims are brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Id.* at PageID.40.  But because the claims are against state, and not federal, officials, the court liberally construes Rosa's claims as being brought pursuant to 42 U.S.C. § 1983.  *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) ("[A] *Bivens* action is the federal analog to an action against state or local officials under § 1983.").

was receiving care at Queen's Medical Center. *Id.* at PageID.40-42. After conducting the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the court DISMISSES the FAC with leave to amend.

If Rosa would like to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before May 26, 2025. Alternatively, Rosa may inform the court in writing on or before May 26, 2025, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g). Failure to comply with the court's instructions could result in automatic dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

The court received Rosa's original complaint on February 10, 2025. ECF No. 1. In that pleading, Rosa asserted excessive force and sexual assault claims against Lt. Yoshida and ACO Awa in both their official and individual capacities. *Id.* at PageID.2, 5-6. The court dismissed the original complaint on March 17, 2025. ECF No. 5. In doing so, the court explained that any claims for money damages against Lt. Yoshida and ACO Awa in their official capacities were barred by the Eleventh Amendment. *Id.* at PageID.28. The court also explained that the original complaint did not meet the requirements of Federal Rule of Civil Procedure 8 because it did not give the defendants fair notice of Rosa's claims. *Id.* at PageID.29-30. The court noted that Rosa did not say

when the alleged events occurred; nor did he adequately explain what role, if any, ACO Awa played in the alleged sexual assault and the use of excessive force. *Id.* at PageID.30. The court granted Rosa leave to amend the individual capacity claims and provided him with the applicable legal standards to guide his next pleading. *Id.* at PageID.30-34.

The court received Rosa's FAC on April 14, 2025. ECF No. 7. In the FAC, Rosa again asserts excessive force and sexual assault claims against both Lt. Yoshida and ACO Awa, but only in their individual capacities. *Id.* at PageID.38-42. The FAC alleges the following facts, which the court accepts as true for the purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). Between approximately April 5 and 10 of an unspecified year, Rosa was at Queen's Medical Center. ECF No. 7, at PageID.41. At some point during that time, Lt. Yoshida stroked Rosa's leg and took a picture of him. *Id.* At another point, while ACO Awa was holding Rosa down, Lt. Yoshida "hammer punch[ed]" Rosa in his face.[2] *Id.* at PageID.40-41.

## **STATUTORY SCREENING**

The court is required to screen all in forma pauperis prisoner complaints filed against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Byrd v.*

---

[2] It is unclear from the complaint whether these two incidents happened on two different dates, or whether there was additional, unspecified conduct on a separate date: the complaint states that "ther[e] were x2 the[y] did this one was like [around] April 5 to the 10th." ECF No. 7, at PageID.41.

3

*Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard that is used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct.  *See id.*

In screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).  If a complaint does not survive screening, the court must nonetheless grant leave to amend if it appears at all possible that the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal without leave to amend is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

//

//

**DISCUSSION**

    A.    **The FAC Does Not Meet the Requirements of Federal Rule of Civil Procedure 8**

As the court explained when dismissing the original complaint, Rule 12(b)(6) is read in conjunction with Rule 8. *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013). Federal Rule of Civil Procedure 8(a)(2) requires every pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). One of the reasons for this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

The Supreme Court has explained that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (cleaned up). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

Like the original complaint, the FAC does not meet the requirements of Rule 8. Although Rosa alleges that one or both Defendants used excessive force and sexually assaulted him at Queen's, he again does not specify when these events occurred. While Rosa now alleges that the events took place sometime between April 5 and 10, he does not specify a year. *See* ECF No. 7, at PageID.41. It also remains unclear exactly what

5

role, if any, ACO Awa played in the alleged sexual assault and the use of excessive force.  While the complaint alleges that Lt. Yoshida stroked Rosa's leg, it does not allege whether ACO Awa was present at that time.  In addition, Rosa does not allege that ACO Awa ever hit him.  And, similarly, although Rosa alleges that ACO Awa held him down, he does not clearly allege whether ACO Awa continued doing so after Lt. Yoshida began "hammer punch[ing]" him, nor does he allege that ACO Awa had an opportunity to stop Lt. Yoshida and failed to do so.  *See Tamayo v. City of Glendale*, No. 19-cv-10284, 2020 WL 136633, at *1 (C.D. Cal. Jan. 13, 2020) ("Plaintiff fails to allege the basic who, what, when, where, and why of his claims against Defendants."); *see also McGinnis v. Halawa Corr. Facility*, Civ. No. 20-00567, 2021 WL 115654, at *3 (D. Haw. Jan. 12, 2021) (concluding that pleading did not satisfy Rule 8 because it did not state, among other things, when the complained-of conduct occurred).

Because the complaint does not meet Rule 8's pleading standards, the claims against Lt. Yoshida and ACO Awa are again DISMISSED without prejudice.

**B.**     **Leave to Amend the Complaint**

Because it is possible Rosa could cure the identified deficiencies in the individual-capacity claims, the court grants him one more opportunity to file an amended pleading.  Rosa is reminded that he may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims relate to

those raised in the FAC. Claims that do not properly relate to those in the FAC are subject to dismissal.

If Rosa chooses to file an amended pleading, he must do so on or before May 26, 2025. Rosa must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi. Local Rule 10.4 requires that an amended complaint be complete in itself, without referencing or incorporating any part of a prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. *See* LR 99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

In any amended complaint, Rosa must say when the events allegedly occurred, including the year. He must also specify how each defendant allegedly violated his rights. Finally, to the extent that Rosa's claims involve different issues, each claim should be stated in a separate count. For example, if Rosa is alleging that only Lt. Yoshida sexually assaulted him, the facts supporting such a claim should be set forth in one count. And if Rosa is also alleging that both Lt. Yoshida and ACO Awa used excessive force, any supporting factual allegations should be laid out in a separate count. Each count should expressly state which defendant it is brought against.

### C. Legal Standards Under 42 U.S.C. § 1983 and the Eighth Amendment

In deciding whether to continue to pursue his claims, Rosa is reminded of the following legal standards. "Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (alteration in original) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or federal law, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

Rosa asserts a violation of the Eighth Amendment, which governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."[3] U.S. Const. amend. VIII. Although the Constitution "does not mandate comfortable prisons," it also does not "permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (cleaned up). Prison officials, therefore, "must ensure that inmates receive

---

[3]   Because it appears that Rosa was a convicted inmate when the alleged incidents occurred, the court again provides the relevant standards under the Eighth Amendment. If Rosa was not a convicted inmate at the time of the complained-of conduct, he must make this clear in any amended pleading that he files, because different legal standards would apply. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (noting that excessive force claims of convicted inmates are governed by the Eighth Amendment, while those of pretrial detainees are analyzed under the Fourteenth Amendment).

8

adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* (cleaned up).

A prison official violates the Eighth Amendment only when two requirements are met: (1) "the deprivation alleged must be, objectively, sufficiently serious"; and (2) the prison official must, subjectively, have had a "sufficiently culpable state of mind." *Id.* at 834 (cleaned up). "In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety." *Id.* (cleaned up). Deliberate indifference is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

### 1. Sexual Assault

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012). As the Ninth Circuit has explained, "sexual assault serves no valid penological purpose." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). If an inmate can prove that a prison official committed sexual assault, it is assumed that the official acted "maliciously and sadistically" for the purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied. *Id.* The inmate is not required to prove that an injury resulted from the sexual assault. *Id.*

The Ninth Circuit has held that a prisoner presents a viable Eighth Amendment claim where they allege "that a prison staff member, acting under color of law and

9

without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Id.*

### 2. Excessive Force

"In excessive force cases brought under the Eighth Amendment, the relevant inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Ninth Circuit has identified five factors to determine whether a use of force was malicious and sadistic: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (cleaned up). "Officers can be held liable for failing to intercede in situations where excessive force is claimed to be employed by other officers only if they had an opportunity to intercede." *Hughes*, 31 F.4th at 1223 (cleaned up).

### D.   Strikes Under 28 U.S.C. § 1915(g)

If Rosa fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, a subsequent dismissal may count as a "strike" under 28 U.S.C.

§ 1915(g). Under this "three-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If, however, Rosa decides to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and does so on or before May 26, 2025, such dismissal will not count as a strike against him.

## CONCLUSION

(1) The FAC, ECF No. 7, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; namely, Rosa's claims against Lt. Yoshida and ACO Awa in their individual capacities are DISMISSED without prejudice.

(2) Rosa is GRANTED leave to amend and must file any amended pleading on or before May 26, 2025.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Rosa may incur a strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Rosa may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on or before May 26, 2025, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Rosa a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: April 24, 2025, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00062 MWJS-KJM; *Clifford Rosa v. Lt. Yoshida*, et al.; ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 7, WITH LEAVE TO AMEND