IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CLIFFORD ROSA, #A0196732,<br><br>Plaintiff,<br><br>vs.<br><br>LT. YOSHIDA, *et al.*,<br><br>Defendants. | Civil No. 25-00062 MWJS-KJM<br><br>ORDER DISMISSING SECOND AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 11, AND ACTION |

## INTRODUCTION

Before the court is pro se Plaintiff Clifford Rosa's Second Amended Prisoner Civil Rights Complaint (SAC).[1] ECF No. 11. In the SAC, Rosa alleges that two prison officials, Lieutenant (Lt.) Yoshita[2] and Adult Corrections Officer (ACO) Derek Awa, unlawfully used excessive force, threatened his safety, and retaliated against him. *Id.* at PageID.76-77, 80. After conducting the screening required by 28 U.S.C. §§ 1915(e)(2)

---

[1] Rosa checked a box labeling the document as his "first amended complaint." ECF No. 11, at PageID.72 (capitalizations omitted). Because the court construed Rosa's prior filing as a first amended complaint, however, it treats Rosa's latest filing as his second amended complaint.

[2] In the SAC, Rosa spells Lt. Yoshita's name three different ways—"Yoshita," "Yosheta," and "Yoshta." ECF No. 11, at PageID.72-73. In the original complaint, Rosa consistently used a fourth spelling, "Yoshida." *See* ECF No. 1. Because Rosa uses "Yoshita" more than any other spelling in the SAC, the court will also use that spelling in this order.

and 1915A, the court finds that Rosa has not stated a colorable claim for relief. And because Rosa has already had two opportunities to do so, the court finds that granting further leave to amend would be futile. The court therefore DISMISSES Rosa's SAC without leave to amend.

## BACKGROUND

Rosa initiated this action on February 10, 2025. ECF No. 1. In the original complaint, Rosa asserted excessive force and sexual assault claims against Lt. Yoshita and ACO Awa in both their official and individual capacities. *Id.* at PageID.2, 5-6. Rosa alleged that Lt. Yoshita had rubbed Rosa's leg while he was in a hospital bed, took pictures of his genitals, and "hammer punch[ed]" him in his chest and face. *Id.* at PageID.5-6.

The court dismissed the original complaint on March 17, 2025, for several reasons. ECF No. 5. First, the court explained that any claims for money damages against Lt. Yoshita and ACO Awa in their official capacities were barred by the Eleventh Amendment. *Id.* at PageID.28. Second, the court also explained that the original complaint did not meet Federal Rule of Civil Procedure 8's pleading standard because it did not give the defendants fair notice of Rosa's claims. *Id.* at PageID.29-30. In particular, the court noted that Rosa did not state when the alleged events occurred, *id.* at PageID.29; nor did he adequately explain "what role, if any, ACO Awa played in the alleged sexual assault and the use of excessive force," *id.* at PageID.30. The court

granted Rosa leave to amend the individual capacity claims and provided him with the applicable legal standards to guide his next pleading.  *Id.* at PageID.30-34.

The court received Rosa's First Amended Complaint (FAC) on April 14, 2025. ECF No. 7.  In the FAC, Rosa again asserted excessive force and sexual assault claims against both Lt. Yoshita and ACO Awa, but only in their individual capacities.  *Id.* at PageID.38-39.  Rosa's claims in the FAC were based on the same events described in the original complaint.  *Id.* at PageID.40-41.

The court dismissed the FAC on April 24, 2025.  ECF No. 10.  The court explained to Rosa that the FAC did not meet the requirements of Rule 8, for reasons similar to those outlined in the court's order dismissing the original complaint.  *Id.* at PageID.64-65.  Again, the court noted that the FAC did not state in what year the alleged events occurred; nor did the FAC explain what role, if any, ACO Awa allegedly played in violating Rosa's rights.  *Id.*  The court granted Rosa a second opportunity to amend his claims, and it again provided him with the relevant legal standards.  *Id.* at PageID.65-69.

The court received the SAC on May 19, 2025.  ECF No. 11.  In the SAC, Rosa alleges excessive force (Counts I, II, and III), threat to safety (Count II), and retaliation (Count I) claims against both Lt. Yoshita and ACO Awa in their individual capacities. *Id.* at PageID.72-73, 76-78.  He brings these claims under 42 U.S.C. § 1983.[3]

---

[3]   In the SAC, Rosa checked a box indicating that his claims are brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),

3

The SAC alleges the following facts, which the court accepts as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). On an unspecified date, as ACO Awa was finishing his shift, Lt. Yoshita walked into a room and asked ACO Awa if Rosa was handcuffed. ECF No. 11, at PageID.76. ACO Awa confirmed that Rosa was in handcuffs. *Id.* Lt. Yoshita looked at Rosa's hands and instructed Rosa to give him Rosa's right hand. *Id.* Lt. Yoshita then pulled downward on Rosa's right arm, causing the handcuffs to cut Rosa's arm. *Id.* Blood fell to the floor and onto a smock that Rosa was wearing. *Id.* Rosa asked for some water and for the handcuffs to be loosened, but he received no response. *Id.* at PageID.80. Lt. Yoshita then instructed nurses to leave the room and spoke with ACO Awa. *Id.* Unlike his earlier pleadings, Rosa no longer alleges that Lt. Yoshita rubbed his leg, took a picture of his genitals, or punched him.

//

//

//

---

rather than under 42 U.S.C. § 1983. *Id.* But Rosa is currently incarcerated at Halawa Correctional Facility, a state prison. *See id.*; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A0196732," and select "Search") (last visited May 27, 2025). Moreover, Rosa names as defendants two state prison officials in their individual capacities, ECF No. 11 at PageID.72-73, and he names no federal officials as defendants. Because Rosa's claims are against state, and not federal, officials, the court liberally construes Rosa's claims as being brought pursuant to 42 U.S.C. § 1983. *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) ("[A] *Bivens* action is the federal analog to an action against state or local officials under § 1983.").

4

## DISCUSSION

A.  **Statutory Screening**

The court is required to screen all in forma pauperis prisoner complaints filed against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard that is used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a particular defendant for specific misconduct. *See id.* At the same time, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up); *see also Nelson-Rogers v. Allred*, No. 21-cv-1809, 2021 WL 6064422, at *3 (E.D. Cal. Dec. 22, 2021) ("At a bare minimum,

5

Rule 8 requires plaintiff to plead facts that specifically identify the actions of the defendant that are alleged to have violated plaintiff's rights, including the 'who, what, when, and where' of the incidents giving rise to the claims.").

In screening a complaint, courts liberally construe pro se litigants' pleadings and resolve all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). If a complaint does not survive screening, the court must nonetheless grant leave to amend "if it appears at all possible that the plaintiff can correct the defect[s]" in the complaint. *Lopez*, 203 F.3d at 1130 (cleaned up). When a claim cannot be saved by amendment, however, dismissal without leave to amend is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

**B.     The SAC Does Not Satisfy the Governing Pleading Standards**

As was true of both of Rosa's previous pleadings, the SAC does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although Rosa alleges that one or both Defendants violated his rights during an incident when Lt. Yoshita pulled down on his arm while he was restrained in handcuffs, Rosa does not specify when this incident occurred. This is the same flaw that the court identified when dismissing both of Rosa's earlier pleadings. *See* ECF No. 5, at PageID.29-30; ECF No. 10, at PageID.64-65. In addition, it remains unclear exactly what role, if any, ACO Awa played in the alleged violations of Rosa's rights. The Court also identified this

6

flaw in both of Rosa's prior pleadings.  *See* ECF No. 5, at PageID.30; ECF No. 10, at PageID.64-65.  While the SAC alleges that ACO Awa confirmed to Lt. Yoshita that Rosa was handcuffed, it does not allege that ACO Awa put the handcuffs on Rosa, why he did so, or that ACO Awa was otherwise involved in injuring Rosa's right arm.  *See* ECF No. 11, at PageID.76-77, 80.

Because the SAC does not satisfy the governing pleading standards, the claims against Lt. Yoshita and ACO Awa are DISMISSED.  *See McGinnis v. Halawa Corr. Facility*, Civ. No. 20-00567, 2021 WL 115654, at *3 (D. Haw. Jan. 12, 2021) (dismissing claims where pleading did not state, among other things, when the complained-of conduct allegedly occurred).

### C. Leave to Amend is Denied

Ordinarily, the court permits pro se plaintiffs leave to amend where doing so would allow plaintiffs to cure the identified deficiencies in a pleading.  *See* Fed. R. Civ. P. 15(a)(2).  But a court has the discretion to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (cleaned up).

Here, the court has already given Rosa two opportunities to amend his pleading. The court explained in its prior orders how Rosa could cure the identified deficiencies

in his prior pleadings, so that he would be able to fix those issues via amendment. But Rosa's SAC suffers from the same flaws as his earlier pleadings. Because Rosa already had two opportunities to amend his claims after receiving ample guidance from the court, and has still failed to cure the identified deficiencies, the court DENIES further leave to amend.

### D.    Strikes Under 28 U.S.C. § 1915(g)

Rosa is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## CONCLUSION

(1) The SAC, ECF No. 11, is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

(2) Because Rosa has had two opportunities to state a plausible claim for relief after receiving guidance from the court and has been unable to do so, the SAC is DISMISSED without leave to amend.

8

(3) Rosa is NOTIFIED that this dismissal may count as a strike under 28 U.S.C. § 1915(g).

(4) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: May 27, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 25-00062 MWJS-KJM; *Clifford Rosa v. Lt. Yoshida*, et al.; ORDER DISMISSING SECOND AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 11, AND ACTION